May it please the Court, my name is Scott Staffney and I represent the Loya's. Mr. Staffney. This case presents issues relating to the interplay between foreign non-convenience and the preferred federal remedy in admiralty for Americans who die on the foreign territorial waters under DOSHA. Since the Supreme Court decided, in opinion by Justice Scalia, the America dredging case, I think it's important to note that the defendants removed the Loya's state wrongful death action into federal court by asserting that DOSHA and therefore Admiralty applied because Mr. Loya's death occurred in Mexican territorial waters. Counsel, am I right that Raintree consented to in personam jurisdiction? Yes. I don't understand why this isn't just being litigated as a death on the High Seas Act claim against Raintree. You mean rather than any of the other defendants? You get so much money in damages and if you've got a solvent defendant that's consented to jurisdiction, I don't understand why we're fooling with all the complexities when you've got Raintree in court and it looks like they're a big resort company. I'm not so sure they're that solvent, Your Honor, based on the discovery we did. Actually, we've got Whiskey Jack in court where they consented to service and they are a division of Raintree so we have both of them. Why isn't it just a death on the High Seas Act? It is just a death on the High Seas Act and we bring in through the Savings to Suitors Clause, the Consumer Protection Act, and the Washington Times Share Act. Let's start with one element and that is the argument you make in your brief that under DOSHA you are entitled to have a U.S. venue. That's not quite the argument we make. Why don't you expand the argument then and address the Payne case, which I think is relevant. Certainly, Your Honor. There's an obvious discrepancy between DOSHA and the Doctrine and Form of Nonconvenience. In DOSHA, Congress, saying regardless of any law to the contrary, was going to create an action in admiralty to provide an American with a wrongful death remedy outside of the United States. So the statute itself applies extra-territorial. The remedy is exclusive. In the Howard B. Crystal Cruz's case, that was established and the court said there. There's nothing absurd about an American citizen suing American defendants for a wrongful death in foreign territorial waters. Now, the Payne case, we never really raised the Payne case. Let me say, here's I think the simplest way to resolve this case. When you have form of nonconvenience situation involving DOSHA where it admittedly applies, DOSHA raised the threshold, the floor. In other words, DOSHA trumps foreign nonconvenience? Is that your argument? To the extent that the other jurisdiction would not provide an adequate remedy. In Payne, if you'll look at footnote 130, you'll find that there was an adequate remedy. So is there any case that holds that foreign nonconvenience can never be invoked when you have a DOSHA case? No, and I'm not asking you to go that far. I'm asking you to go far enough so as to say that a court must take into account DOSHA's federally preferred remedy. And that brings me to the Payne decision. I don't – I mean, I hear the words, but I don't understand what they mean in this case. What are you really – what are you saying? The court must take into account DOSHA's preferred remedy. Okay. The district court did. It just disagreed. What did it disagree about? It didn't disagree that – It disagreed that this was a mandated and or a venue that it lacked discretion to say was not convenient. Okay. Your Honor, starting with the Zipfel case and moving on to the creative technologies case, and creative quotes an 11th Circuit case that says the court has to consider, especially an admiralty, how the federal statute – you have to look at the federal statute to see if there's anything about it which would preclude the use of foreign nonconvenience. The district court did here. It's the first thing it did was to respond or to consider and respond to your argument that DOSHA trumped. And it said no. And it cited Payne. Right. And Payne is basically an admiralty case. And the district court said, look, DOSHA arises under admiralty jurisdiction. It doesn't arise under – it's not a federal question issue. And in admiralty, we do have the doctrine of foreign nonconvenience. Right. And, of course – Do you agree up to that point? I do. Okay. So let me just restate this. You are not saying that DOSHA is like the Jones Act in displacing altogether the foreign nonconvenience doctrine. Right. All right. Then if we've got that resolved, then what's your position then is one of disagreement with the district court's Piper Aircraft? Analysis. Analysis. Right? That's correct. And your primary reason, if I'm understanding what you're saying this morning, your primary reason for that is that the remedy available in Mexico, while one is available, is so inadequate that it doesn't overcome an American's choice of an American forum. You're right. Yes. But there's three ways you can get to that result. One way you can get to that result is the court has to look at DOSHA. In this instance, the court said it didn't have to look at DOSHA because of pain. Pain, as I pointed out in some of our pleadings, has been overruled in some respects. And we never argued that there was a mandatory venue provision. We just simply argued that under the United States Constitution, the court had to look at pain or at DOSHA if we're raising it. I mean, clearly you have a remedy in DOSHA that is a federally preferred remedy in Admiralty. Now, can the district court overlook any consideration about what Congress intended by just saying, hey, this case occurs in Admiralty? There's no – so far as I know, there's no case that implies that a federal statute enacted pursuant to Congress's American jurisdiction is entitled to any less deference from this court than DOSHA. Let's say we go with you on that. Okay. The steps that I get are, under the Death on the High Seas Act, the plaintiff can bring her action in federal district court in Washington. And then under pain, if we decide we agree with the D.C. Circuit, even though she can bring her action there, she's still subject to a foreign known convenience dismissal. The next step I get to is the foreign known convenience analysis. Now, I am somewhat sympathetic to your foreign known convenience argument. It looks to me as though there are important witnesses in Mexico among the defendants. There are important witnesses in Washington, certainly the widow and the damages witnesses and the Joneses. And there's also an important witness in California, the diving partner. If I had been a district judge in Washington, I might have denied the foreign known convenience motion. That leads me to the standard of review. Should we review deferentially for abuse of discretion? Yes. The judge should have some real reasons to grant the motion for foreign known convenience. And I'd like to address that. So I'm wondering if we do get that far down the street, why don't we have to say, well, regardless of how we may have decided it, she had sound reasons for deciding it the way she did. So we have to defer. Let's go there, Your Honor. But before I do, I just want to say the thing about the Jones Act. You know, Congress said in the Jones Act that it preempts all federal legislation, all state legislation. We asked the court to consider DOSHA. And based on the fact that it is a federal statute and based on the creative technologies analysis. Now, let's go to the foreign known convenience analysis. The foreign known convenience analysis, you'll note, the judge doesn't say the factors weigh strongly. She simply says the factors weigh in favor. But the judge did weigh factors. Right. But the analysis. Relevant factors, no? Excuse me? And the relevant factors of that. No, well, I'll go through each of the factors in a second. But is this my time left? Yes, it is. Okay. I'll go through the factors. One, she didn't find anything in strong favor. The only place where she found a factor strongly favored the other side was choice of law. But she was an admiralty. She never applied a Lorentzian analysis. Moreover, she never can. So what difference would that have made if you had? I mean, the factors are essentially the same. I mean, there are a couple of Lorentzian factors that aren't even relevant. And Lorentzian is simply a direction to Federal statute like the Jones Act. But what she did is she never did do a choice of law analysis. If you read her decision, the only factor that she finds strongly supports sending it to Mexico is that she might have to decide Mexican law. She didn't say, I will. So she's telling these parents and this mother, well, I might have to apply Mexican law. And so you have to go to Mexico. She might have to since the negligence or the default in duty, whatever, occurred in Mexico, a release of some sort. Well, I'm not so sure. I don't know which would apply. I mean, so she might have to. Well, I think the statings-to-suitors clause, if it is in admiralty, means that Federal maritime law applies and probably Mexican law does not apply at all. Is there any case that says that? Yes. There's Warren v. Meridome, which I believe you participated in. There's a new case I just cited. And there's at least three citations in there. We have some Ninth Circuit law. I have a vague recollection we have a case that says you carry American law with you, even if you're in the territorial waters of another country. Doesn't seem logical to me, but it seems. Well, it's because of DOSHA. Is that true? Yeah. As I understand it, and Judge O'Scallion can probably talk about it better since he wrote the Warren. I don't know if you wrote it, but I mean. A lot of circuits say that. But they all say that because in admiralty it carries it. And remember, Congress's whole goal here was to apply this act extraterritorially. It's not like the Piper case where you've got Pennsylvania common law and you have, on the other hand, Scottish law. Counsel, you're down to less than a minute. You may want to reserve that. Thank you. Very good. We'll hear from the resort. May it please the Court. My name is Melissa O'Loughlin-White, and I'm here on behalf of the appellees in this case. We are here asking that this Court affirm the district court's order in all regards. As is evident from the questions from the panel this morning, the focus of this court is whether or not the district court clearly abused its discretion. Substantial deference. Any clear abuse or just abuse? It depends which case you look at and which recitation of the law. But certainly under this court's decision in Creative Tech versus Aztec, there needs to be a clear abuse of discretion. That's at page 699. Counsel, do you agree that the effect of the FNC dismissal is to cap damages at $13,000 compared to essentially uncapped damages if the case were retained in Seattle? I am not a Mexican lawyer, and I cannot speak to what exactly would happen if this case were to proceed under Mexican law. But the U.S. decisions on forum non are very clear that the question is whether or not there is a remedy and whether or not that remedy is adequate. Does the Mexican court have any power to award damages under the Death in the High Seas Act? I do not know the answer to that question, Your Honor. This is a wrongful death action, and Mexican law does provide remedies for wrongful death. Counsel, Mexico used to be a joke down there. I suppose it probably still is, that if you hit somebody in your car, you should back up and roll over them again. Because that way you get a cap on your damages of negligible amount. So it looks to me like what the case is really all about is the damages, whether Mexican law applies. And I look at – I found that case. It was Howard, Ninth Circuit case, Howard v. Crystal Cruises, where we held that the high seas for the Death on the High Seas Act includes the territorial waters of a foreign nation as long as they're more than a marine league away from the U.S. And then it says that in an American court, you apply American law to an action by an American plaintiff against an American defendant, even though the accident occurred in the territorial waters. Now, I'm wondering whether it's an abuse of discretion by the district court basically to ship the case off to Mexico because of the difficulty of applying Mexican law in a foreign language in Seattle. And I wonder if it was an abuse of discretion because under Howard, she wouldn't be applying Mexican law. This brings us back to the core distinction between a mandate for jurisdiction here and a forum non-balancing. One of many factors for the district court to determine – It looked to me like the critical factor was choice of law, because when you look at witnesses, you've got them in both places. But with all due respect, Your Honor, following your hypothetical, wouldn't that essentially transform a Death on the High Seas Act cause of action into the equivalent of a Jones Act? And we don't have the language in the statute from Congress, nor do we have any case law that says that a Death on the High Seas – I don't follow the transforming. I'm just going with Howard here. So, I apologize, Your Honor. I'm not familiar with that case, and I will look at it. I'm sorry. I wouldn't ask you about it. I assumed you knew. That's okay. It wasn't cited in our materials. However, I do – Well, there are a bunch of other circuits that have said the same thing, and you must have run across it. Even though it sounds funny – I think the Seventh Circuit put it this way. They said, even though it sounds funny, an American carries American law into the territorial waters of a foreign country when he has a maritime accident there. Yet that doesn't exempt it from a forum non-analysis. No, but if the judge says, well, I'm going to grant the motion for forum non-convenience because you would have to apply Mexican law to this case, and that's wrong. You wouldn't. Then it seems like it might well be an abuse of discretion unless the other reasons for granting a forum non-convenience motion were overwhelming. And the abuse of discretion and the clear abuse of discretion, certainly all the factors here, that's one of many factors. And the Death on the High Seas Act – Yeah, but the other factors, they go both ways. You've got accident witnesses, basically the defense witnesses in Mexico. You've got accident witnesses, basically the plaintiff's witnesses in Washington and California. And you've got damages witnesses all in California. There's no dispute that this act took place in Mexico involving Mexican citizens with Mexican authorities, a Mexican autopsy off of the coast of Mexico. Certainly we can go through a determination of each fact that has come before the court, but the point is that Judge Heckman looked at all of these factors. I was trying to focus you here on whether if the factors are not overwhelmingly on one side or the other, and if the judge erred in the choice of law analysis, then would we send it back for the judge to balance the factors again with a correct choice of law analysis? The choice of law is one of the factors. And if this court were to determine that one of the many factors determined by Judge Heckman was – that this court determined was a clear abuse of discretion, then all of the other factors still remain, unless there was a clear abuse of discretion as to perhaps, for example, if she hadn't considered some of the factors. The case law that overturned forum non-determinations are when the trial judge plain old doesn't look at the factors or doesn't give a reasonable consideration. In this court's Luke v. Sunstrand case, it's only in rare circumstances where the court's determination that there's an adequate forum is – It's abuse of discretion review. That means we're deferential, but it doesn't mean we don't review. Certainly. However, if one of countless factors that were determined, if this court were the district court judge and disagreed with that, that, with all due respect, does not constitute a clear abuse of discretion. If I had a case where I had to apply Mexican law, I'd really be wanting to get rid of it because I can't read it. I don't read Spanish. If I had an excuse to send it to somebody that reads Spanish, it would be a big help. But if it turned out I didn't have to read Spanish, well, that would change everything. Judge Peckman's order doesn't say that. She goes through all of the factors, and it's not just the Mexican law aspect of this or the translation aspect of this. There are a number of factors that she considers there. And to your initial question about the Death on the High Seas Act, my point about comparing it to the Jones Act is we've got clear case law that says the Jones Act does apply and is not subject to a forum non-analysis when involving a workers' comp-like cause of action against a seaman. I was pleased to hear this morning that counsel is not asking this court to try to make a new exception for the Death on the High Seas Act to also be exempted from the forum non. We all agree that's not the case. So we're looking at the forum non analysis, the framework there. And the Death on the High Seas Act was something that came up late in this case. Quite frankly, most plaintiffs don't like the Death on the High Seas Act causes of action because the remedies are so limited. Well, it's not that bad. It's basically Lord Campbell's Act. We have the same statute in Alaska, and you can get a lot of money as a plaintiff under that. Well, apparently these plaintiffs have now focused their case on that. The history of this case was first they thought there was some Washington law that applied, and I would be happy to speak to any of that if the court is interested about how those state law claims were properly dismissed as well. The evidence in the record that has been developed so far, after a lot of depositions and evidence put in, leans toward Mexico, and the choice of law determination in itself is not dispositive, nor is it dispositive that the plaintiffs may receive a better remedy in another place. The case law is very clear that we're not to second-guess. If there is a remedy and it is adequate, as this circuit and the United States Supreme Court and other circuits have repeatedly determined that Mexico is an adequate forum to litigate, even though by our standards it isn't the same remedy that you can get there. Anything further, counsel? We have a pending motion regarding some of the state law claims that were raised late. I would be happy to address any of those because we didn't get a chance to, if the court is interested. The motion to certify? No, sorry. It is the we move to strike some of the Timeshare Act and consumer protection claims that were addressed first in the reply brief. If the court's interested, I'm happy to address that. If not, I don't see much interest, counsel. Okay. Okay. Your Honor, can I answer anything further? If not, thank you, counsel. We will hear back from Mr. Staffney. You have some reserve time. I'd ask the court to note that counsel just said the forum nonconvenience factors lean toward Mexico. Again, that's not what's required. I'd like to address. What is required is our applying the abuse of discretion review to the actual decision. Right. And you must arrive, as must the court, that the factors strongly favor Mexico when you're going against an American defendant and you have an American plaintiff. I'd like to talk just briefly about one last point. And it is the contract lumber case. I believe Judge Reimer was on the panel. And this goes to in today's world. There's global globalization. Now, we're not dealing with someone like in pain who was a domiciliary who lived in London or excuse me, Norway. We're dealing here with tourists, just people that go on trips and they're solicited for those trips here in Washington. And they're told that these trips are safe. So I think there is an aspect of global commerce here. And you ought to look at it. Two cases, Wilson v. Humphrey Limited out of the Seventh Circuit and Lehman v. Kamin out of the Eighth Circuit are tourist cases. I'd also point out that they seem to use the Gilbert factors. And the one factor is convenience of the parties. And then they bring in the various hardships on the part.  Thank you very much. The case just argued will be submitted for decision. And the court will now hear argument in Upper Skagit Tribe.
judges: O'scannlain, Rymer, Kleinfeld